IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon L. Smith, | ) | CIVIL ACTION NO.: 3:03-1927-MJP-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Sisters of Charity Providence | ) | |
| Hospitals, Columbia/CSA-HS | ) | |
| Greater Columbia Area Healthcare | ) | |
| System, L.P., d/b/a Providence | ) | |
| Hospital, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge Joseph R. McCrorey, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. Plaintiff Sharon L. Smith ("Plaintiff") filed this action against her former employer, Sisters of Charity Providence Hospitals, d/b/a Providence Hospital ("Defendant") on June 9, 2003. The operative complaint was filed on March 1, 2004. Smith asserts claims under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act "FMLA"), Title VII, pendent claims for breach of contract, breach of contract accompanied by a fraudulent act, and violation of the South Carolina Human Affairs Law. Defendant denies that it is liable to Plaintiff and filed a motion for summary judgment on November 5, 2004.

      Upon his review, the Magistrate Judge finds the existence of material fact as to Plaintiff's FMLA claim, ADA retaliation claim, Title VII disparate treatment claim, and South Carolina Human Affairs claim relating to a decision by Defendant in May of 2003 not to rehire Plaintiff.

The Magistrate Judge further recommends that Defendant's motion for summary judgment be granted as to Plaintiff's ADA failure to accommodate claim and breach of contract claim. The Magistrate Judge finds that Plaintiff abandoned her Title VII retaliation claim. Both Plaintiff and Defendant object to the Magistrate Judge's recommendations.

The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). While the level of scrutiny entailed by the Court's review thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

Upon careful consideration of the pleadings, the evidence of record, the report, and the objections, the Court concludes that for reasons stated by the Magistrate Judge, the recommendations are approved.

Defendant's motion for summary judgment as to Plaintiff's FMLA claim, ADA retaliation claim, Title VII disparate treatment claim, and South Carolina Human Affairs claim is **DENIED**.

2

Defendant's motion for summary judgment as to Plaintiff's Title VII retaliation claim, ADA failure to accommodate claim, and breach of contract claim is hereby **GRANTED**.

**IT IS SO ORDERED**.

    _s/Matthew J. Perry_____
**MATTHEW J. PERRY, JR.
SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina
\_\_April 5\_, 2006**

3